UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MAX ROGERS,

       Petitioner,

v.                                                                                                Case No. 2:13-CV-146
                                                                                       HON. R. ALLAN EDGAR

LINDA TRIBLEY,

       Respondent.
_____/

## OPINION & ORDER

       Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction for violations of his First, Fifth, Sixth, and Fourteenth Amendment rights. PageID.15. On December 9, 2011, Petitioner pleaded guilty to one count of receiving and concealing stolen property (MICH. COMP. LAWS § 750.535(3)(a)). PageID.15; ECF No. 17 at 2. On January 9, 2012, Petitioner was sentenced to thirty to sixty months imprisonment. PageID.24, 29. Petitioner remains in the custody of the Michigan Department of Corrections (MDOC) as a parolee.

       After his conviction, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals with appointed Counsel on March 29, 2012. ECF No. 17 at 26. The Court of Appeals denied Petitioner's application and affirmed his conviction on October 2, 2012. ECF No. 17 at 1. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied on April 1, 2013. ECF No. 18 at 1.

       Petitioner did not file a motion for relief from judgment, nor did he appeal to the

United States Supreme Court. Instead, he filed a habeas petition before this Court on April 24, 2013. ECF No. 1. Petitioner maintains that his convictions were based on violations of his state and federal rights. Petitioner sets forth the following claims for relief:

> I. May a defendant be convicted of receiving and concealing stolen property if the defendant is the same person who both stole the property and received the stolen property?
>
> II. Does a Michigan Circuit Court have territorial jurisdiction over a criminal offense committed in the state of Indiana?
>
> III. Did the trial court abuse its discretion by not articulating on the record "substantial and compelling reasons" for departing upward in defendant's case where the courts only rationale for departing upward was defendant's prior criminal record regardless of the fact that defendant's sentencing guidelines involved a "straddle cell"?

PageID.16, 21 (noting Petitioner incorporated his brief from his direct appeal to the Michigan Court of Appeals into this habeas petition). Respondent filed a response to Petitioner's habeas application on December 4, 2013. ECF No. 11. Petitioner did not file a reply. The matter is now ready for a decision.

Petitioner argues that this Court should grant him relief due to violations of his Constitutional rights. PageID.15. However, before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the

exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy. Accordingly, the Court will dismiss Petitioner's habeas corpus application without prejudice**.**

This Court concludes that all of Petitioner's claims are unexhausted. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant

a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.  The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  Therefore, this Court **DENIES A CERTIFICATE OF APPEALABILITY** as to each issue raised by Petitioner.

For the same reasons the Court dismissed this action, the Court will certify that any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DISMISSED**.

In summary, Petitioner's habeas application (ECF No. 1) pursuant to 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.

Dated:   __3/8/2016___

　　　　　　　　　　　　　　　　　　　_/s/ *R. Allan Edgar*_____
　　　　　　　　　　　　　　　　　　　R. ALLAN EDGAR
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE